J. H. MITCHUM v. CHICAGO, ROCK·ISLAND & GULF RAILWAY COMPANY.

No. 2357.  Decided February 17, 1915.

1.—Practice on Appeal—Rendering Judgment.

The Court of Civil Appeals, on reversing, can not render judgment for appellant unless the evidence is of such a character that the District Court should have instructed a verdict in his favor.  (P. 36.)

2.—Same—Contributory Negligence.

Evidence considered is held not so conclusive of contributory negligence on the part of a section hand injured in his efforts to remove a hand car from the track in order to avoid collision with an approaching train as to justify the appellate court in rendering judgment against him, on reversing one in his favor.  (Pp. 35-37.)

Error to the Court of Civil Appeals, Sixth District, in an appeal from Wise County.

Mitchum sued the railway company and recovered judgment.  This was reversed and rendered in favor of defendant on its appeal, and Mitchum thereupon obtained writ of error.

R. E. Carswell, N. A. Stedman, and F. A. Williams, for plaintiff in error, cited:  Marshall v. St. L. & S. Ry. Co., 107 S. W., 883; C. T. &

T. Co. v. Graves (Ky.), 104 S. W., 357; Smith v. Kansas City (Mo.),
101 S. W., 1120; St. L. S. W. Ry. Co. v. Schuler, 102 S. W., 785;
M., K. & T. Ry. Co. v. Walden, 66 S. W., 584, 27 Texas Civ. App., 567;
Oil Co. v. Farmer, 57 Texas, 304; G., C. & S. F. Ry. Co. v. Duvall,
35 S. W., 699, 12 Texas Civ. App., 348; Mack v. C., R. I. & P. Ry. Co.
(Mo.), 101 S. W., 142; T. C. Ry. Co. v. Frazier, 34 S. W., 664; T. C.
Ry. Co. v. Bender, 75 S. W., 561, 32 Texas Civ. App., 568; Commerce
M. & G. Co. v. Gowan, 104 S. W., 916; Sherman v. T. & N. O. Ry. Co.,
91 S. W., 561, 99 Texas, 571; El Paso Elec. Co. v. Shaklee, 138
S. W., 188.

*N. H. Lassiter, Robert Harrison, R. M. Rowland,* and *T. J. McMurray,*
for defendant in error.—The verdict of the jury is contrary to the law
and the evidence and unsupported by the evidence in that the evidence
showed that the injury was the result of the plaintiff's own contributory
negligence. Railway Co. v. Santis, 126 S. W., 904; Railway Co. v.
Wylie, 118 S. W., 1127; Railway Co. v. Wall, 102 Texas, 404; Railway
Co. v. Byrd, 102 Texas, 263; Railway Co. v. Edwards, 100 Texas, 22;
Railway Co. v. Briscoe, 109 S. W., 455; Railway Co. v. Kauffman, 101
S. W., 819; Railway Co. v. Wyatt, 79 S. W., 350, 35 Texas Civ. App.,
119; Railway Co. v. De Ollos, 76 S. W., 225; Railway Co. v. Branom,
73 S. W., 1065; Railway Co. v. Haas, 48 S. W., 540, 19 Texas Civ.
App., 645; Turner v. Railway Co., 30 S. W., 254; Sanchez v. Railway
Co., 88 Texas, 117; Railway Co. v. Ryan, 80 Texas, 61; Railway Co. v.
Kutac, 72 Texas, 651; Railway Co. v. Moss, 4 Texas Civ. App., 320;
Railway Co. v. Fuller, 5 Texas Civ. App., 660; Railway Co. v. Hughes,
67 Texas, 595; Hoover v. Railway Co., 61 Texas, 503; Railway Co. v.
Dean, 76 Texas, 73; Kentley v. Railway Co., 65 Fed., 391; Wilds v.
Railway Co., 24 N. Y., 430; Railway Co. v. Houston, 95 U. S., 702.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

The Court of Civil Appeals found the following facts upon which
we must determine the issues between the parties here:

"Appellee was in appellant's employ as a section hand on its line of
railway. In the latter part of January, 1907, as he testified, he and
his brother, John Will Mitchum, and one Ables, also section hands,
with one Wicher as their foreman, in the discharge of their duties as
employees of appellant, were traveling from Park Springs on a hand-car
moving south on appellant's line of railway. When the hand-car reached
a point on said line of railway 250 or 300 yards from a curve in a cut
ahead of them, Wicher, saying he thought he heard a train coming,
directed appellee and the other employees to stop the car and wait
there while he walked ahead and ascertained if a train was approaching
from the south. The car was stopped and Wicher walked on to the
curve, or to a point near it, and then, by waving his hand, signaled
appellee and the other section men to come on. In obedience to Wicher's
signal, they propelled the car to a point about fifty yards further south,
when a ringing of the rails warned them that a train was approaching;

whereupon they jumped from the hand-car, and, looking north, discovered that a passenger train running forty or forty-five miles an hour was coming towards them and was only about fifty yards from them. In assisting the other men in getting the hand-car off the track, appellee claimed he fell, and so received the injuries he complained of. He recovered a judgment for the sum of $7500."

Looking to the statement of facts we find that defendant in error testified as follows:

"This hand-car had four pieces of wood, about that long, by which we could take hold of it and lift it off; one piece on each corner of the car, and two in the middle. They were there for the purpose of lifting it off the track. I took hold of one outside piece and one center one, on the southeast corner of the car. We got pretty near straight with the car. I mean by that, got up straight, moved it straight. It was awful heavy, and I think I had made one step, and my foot slipped. I had stepped east, to move it off. Fuller Ables was then standing on the back of the car. He was standing there to make it lighter for us to lift the other end off. When I straightened up with the car and made one step my foot slipped from under me and I fell. I fell across the rail, cross ways, across the iron railroad rail. My back and side hit the rail, I don't know what I done then." (Statement of Facts, p. 5.)

The following article of the statute is the authority of the Court of Civil Appeals to render judgment after reversing a case appealed to it from one of the inferior courts:

"When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damages to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial in the court below." Art. 1626, Vernon's Sayles' Civil Statutes.

Under this statute this court has uniformly held that the Court of Civil Appeals after reversing a judgment can not enter judgment in that court unless the evidence is of such character that the District Court should have instructed a verdict in favor of the appellant.

The only question presented to us by this writ of error is whether the facts of this case were so conclusive of the negligence of the plaintiff in error that the district judge should have instructed the jury to return a verdict against him, or, as it is otherwise stated in some of the cases, the facts must be of such nature that a jury could not find a verdict in favor of him. Choate v. San Antonio & A. P. Ry. Co., 90 Texas, 82, 91 Texas, 406; Eastham v. Hunter, 98 Texas, 560.

This brings us to the only question, which is, are the facts as shown in the record of this case so conclusive of the negligence of the plaintiff in error as to bring the case within the rules of the law and within the power of the court to enter a judgment?

In order to test that question we must give to all evidence which would tend to show that he was guilty of negligence the construction

most favorable to him, and determine the question by the construction of the testimony most favorable to him in support of the finding of the jury.

The facts are not capable of much discussion, but it appears to us very clearly that the jury looked at conditions as they existed, with the plaintiff upon a hand-car standing upon the track and with the foreman at the south of him, to discover whether the train was coming from the south or not. He believing that it was, and his attention being called in that direction, can it be said that because he did not turn and look for the train due to come from the north that he was therefore guilty of negligence? We must bear in mind that it was the duty of operatives of the train from the north to have given a signal to those on the track in order to warn them of the approaching danger. Yet they gave no such signal, and the approach was not discovered until they were within a short distance of the car. Under such conditions it became the duty of the men on the car to remove it, if they could, to prevent collision with the car and injury to the persons in the passenger coaches, and in the removing of the car he was not guilty of negligence. They removed it to a place where it did prevent a collision.

Under such circumstances the action of the plaintiff in this case, in our opinion, can not be said to be, as a matter of law, an act of negligence which would defeat his right to recovery for injury which evidently grew out of the approach of the train from the north. It is difficult to argue a proposition which is so manifest to the mind of the writer as this is, that, if negligence at all, it is not such negligence as would defeat the recovery, because of the fact that it was an effort to perform a duty to protect those on the train.

We are of opinion that the Court of Civil Appeals erred in entering judgment in this case. It is therefore ordered that the judgment of the Court of Civil Appeals be reversed and the cause remanded to the District Court for trial.

*Reversed and remanded.*