## WESTERN UNION TELEGRAPH CO. v. VERHALEN. (No. 1972.)

(Court of Civil Appeals of Texas. Texarkana. June 26, 1918. Appellee's Petition for Rehearing Denied June 27, 1918, on Appellant's Petition for Rehearing, June 29, 1918.)

1. TELEGRAPHS AND TELEPHONES ☞54(4) — NOTICE OF DAMAGES — VALIDITY OF CONTRACT.

Vernon's Sayles' Ann. Civ. St. 1914, art. 5714, requiring stipulations as to notice of claim for damages to be reasonable and making stipulations fixing the time at less than 90 days void, does not make invalid a stipulation in a contract to transmit a telegram requiring notice of claim for damages to be presented within 95 days after the cause of action arises, if such a stipulation is reasonable.

2. TELEGRAPHS AND TELEPHONES ☞74(1) — ACTIONS FOR FAILING TO DELIVER MESSAGE — INSTRUCTIONS.

In an action against a telegraph company for failing to deliver a message, it was error to refuse to submit a charge asking a verdict for defendant on a finding that a stipulation in the contract whereby notice of damages was to be given within 95 days was reasonable, there being evidence of its reasonableness, and it being undisputed that no claim was presented within such time, or that the stipulation had been waived.

On Rehearing.

3. APPEAL AND ERROR ☞1177(5) — DETERMINATION OF CAUSE — NECESSITY FOR NEW TRIAL.

In an action against a telegraph company for failing to deliver a message, where a plea alleging that notice of claim of damages had not been given within 95 days as required by contract was stricken, judgment for defendant could not be entered on appeal on the ground that the undisputed evidence showed that the stipulation as to notice was reasonable, Vernon's Sayles' Ann. Civ. St. 1914, art. 5714, providing that notice shall be presumed unless the want of notice is especially pleaded under oath, and there being no pleading under oath after the defense was stricken.

Appeal from Harrison County Court; W. H. Strength, Judge.

Action by Walter Verhalen against the Western Union Telegraph Company for failure to transmit a message. From a judgment for plaintiff, defendant appeals. Reversed and remanded, and rehearing denied.

The appellee, who is engaged in buying and selling fruit, obtained an option, commencing May 18th and ending May 19th, to purchase J. W. Ogburn's matured peach crop at 75 cents a bushel f. o. b. cars at Ogburn, Tex. Immediately after obtaining the option the appellee prepared and delivered to the Western Union Telegraph Company the following message:

"Marshall, Texas, May 19, 1916. "Verhalen & Company, 327 So. La Salle Street, Chicago, Ill. Can buy Ogburn crop seventy-five loaded estimated fifty to sixty cars grade should be good as they can use all seconds in cannery right there. If I find later I am too busy to handle will you and Tony allow me five cents per basket for making trade? If deal shows no profit will sacrifice my commission. Walter Verhalen."

The telegraph company failed to transmit the message after receiving it. The appellee brought the suit on March 22, 1917, for $300 damages occasioned to him for alleged negligent failure to transmit and deliver the message to the addressee. The appellant answered by demurrer, general denial, and specially pleaded under oath, as a defense, the stipulation reading:

"The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within ninety-five days after the cause of action, if any, shall have arisen"

—and averring that the stipulation was a reasonable one and was not complied with by the plaintiff. The appellee by supplemental petition excepted to the defense pleaded:

"Because the provision or stipulation therein is an effort on behalf of the defendant to fix a period of limitation shorter than that prescribed by statute, and is void and ineffective and constitutes no defense to the plaintiff's suit."

The court sustained the special demurrer and struck out the defense alleged from the answer. The defendant excepted.

It appears that the suit was filed March 22, 1917. Appellee knew on May 20, 1916, that the message had never been transmitted from the receiving office of the telegraph company. It was an admitted fact in the trial that the appellee had not filed a claim in writing for damages with the Western Union Telegraph Company within 95 days as provided by the stipulation. The court refused the following special charge offered by the appellant:

"You are instructed that, if you find from the evidence that the plaintiff did not file with the defendant a claim in writing for damages within 95 days after his cause of action, if any, accrued, and you further find that the stipulation requiring such notice writing to be filed with the company in that time is a reasonable rule or regulation, then you will find for the defendant."

Young & Stenchomb, of Longview, R. A. Sexton, of Marshall, and Albert T. Benedict, of New York City, for appellant. Bibb & Bibb, of Marshall, for appellee.

LEVY, J. (after stating the facts as above). [1] It is concluded that the trial court erred in sustaining the demurrer to the appellant's defense of alleged failure to comply with the stipulation providing for notice of claim for damages. The statute does not make invalid and void a stipulation in a contract requiring notice, as of the kind here, of claim for damages, if such stipulation is reasonable. Article 5714, Vernon's Sayles' Stat. The case of

Taber v. Western Union Telegraph Co., 104 Tex. 272, 137 S. W. 106, 34 L. R. A. (N. S.) 185, had a stipulation requiring the claim to be "presented in writing within ninety days after the message is filed with the company for transmission." The Supreme Court determined that the particular stipulation was invalid and contrary to the terms of the statute because it provided for notice to be given "within 90 days after the message was filed with the company for transmission." "The purpose of the act," as ruled by the court, "was to fix a minimum period of 90 days from the time the cause of action arose." And in Smith v. Railway Co., 138 S. W. 1075, the stipulation there was held invalid because notice was required to be given before the expiration of full 90 days. In Railway Co. v. Marcofich, 185 S. W. 51, though, the stipulation provided for notice to be given within 91 days after the cause of action arose, and was not contrary to the terms of the statute. The stipulation was there held valid and binding, if reasonable in point of fact. See Turner v. Henderson, 183 S. W. 51. And even if the company's liability is to be fixed as interstate, assuming such only for the moment, the stipulation may be sustained, if reasonable. Railway Co. v. Bracht, 172 S. W. 1116, citing authorities.

[2] The appellant also predicated error upon the refusal of the court to submit the charge asking a verdict for the defendant upon the finding that the stipulation was, under the circumstances of the case, a reasonable one. There is evidence that the provision is reasonable, and it is undisputed that no claim in writing was ever presented by appellee, and the suit was not filed until March 22, 1917. There is no pleading of nor any evidence even tending to show a waiver of the stipulation. There is error showing injury and requiring a reversal of the judgment.

It is not deemed necessary to pass upon the other assignments of error.

Judgment reversed, and the cause remanded.

### On Rehearing.

[3] The appellant insists that this court, instead of remanding the cause, should render judgment in its favor because the undisputed evidence shows that the stipulation as to giving notice of claim of damages is reasonable. Article 5714, referred to, really means that a stipulation in any contract requiring notice to be given of a claim for damages within a certain time shall not be valid and enforceable as a condition precedent to the right to sue where the time stipulated for the giving of the notice is unreasonably short, and that a less period of time than 90 days within which to give the notice should be, as a matter of law, an unreasonably short time for the performance of the

stipulation. And what is a reasonable time is a question of law for the court when, in some particular case, the facts are undisputed and the inferences certain. This court, though, may not render a judgment in this record, because the pleading setting up the defense was stricken out by the trial court on demurrer, and, being stricken out, was not legally thereafter a part of the record or a defense. And after the pleading was stricken out the plaintiff was not legally called upon nor required to offer any evidence respecting such defense. For the statute provides that, "unless the want of notice is especially pleaded under oath," then "it shall be presumed that notice was given." And after the pleading was stricken from the record there was no pleading under oath, as required, and the trial court was bound to give force to the statute. And this court may only render the judgment the trial court could render. Mitchum v. Railway Co., 107 Tex. 34, 173 S. W. 878. The province of this court is to hold, as we do, that the trial court erred in striking the pleading from the record; and the effect of such ruling is to require the trial court to reinstate and restore the pleading, which is required to form the legal foundation of the proof to be submitted on the trial.

Motion overruled.