PEARL KIRKSEY v. SOUTHERN TRACTION COMPANY.

No. 2906.   Decided December 17, 1919.

(217 S. W., 139.)

1.—Contributory Negligence—Railway Crossing—Question of Fact.

One approaching in an automobile the crossing of an inter-urban electric railway at a point where the view of an approaching car was obstructed, and who, apparently keeping a lookout before nearing it, had his attention then attracted by signals from one who wished to ride with him, could not be pronounced guilty of contributory negligence as matter of law in getting so close before he discovered the car, approaching at the high rate of speed and without signals, that he was unable to avoid the collision by which he was killed.   That question was properly left to the jury.   (Pp. 191-193).

2.—Reversal—Remand.

The appellate court reversed a recovery by plaintiff for death of her husband on the ground that the evidence showed contributory negligence by the latter as matter of law, without determining various other questions involved, some of which'related to questions of adjective law not within the jurisdiction of the Supreme Court on writ of error.   Held that the latter court, on reversing for error in the rulings made, should remand to the Court of Civil Appeals for their determination of the other issues. (P. 193).

Error to the Court of Civil Appeals for the Third District, in an appeal from Hill County.

Mrs. Kirksey obtained judgment against the Southern Traction Co. for causing by negligence the death of her husband.   Defendant

appealed and judgment was reversed and rendered in its favor.
Mrs. Kirksey thereupon obtained writ of error.

*Shurtleff & Cummins,* and *Scott & Ross,* for plaintiff in error,
cited: Cartwright v. Canode, 106 Texas, 502; Railway v. Boone,
105 Texas, 191; Railway v. Gasscamp, 69 Texas, 549.

*Templeton, Beall & Williams,* and *Wear & Frazier,* for defend-
ant in error, cited: Marshall & E. F. Ry. Co. v. Petty, 180 S. W.,
105; Ft. Worth & D. C. Ry. Co. v. Hart, 178 S. W., 795; Baker v.
Collins, 199 S. W., 518; G. H. & S. A. Ry. Co. v. Bracken, 59 Texas,
71; Schaff v. Combs, 194 S. W., 1159; Texas & Pacific Ry. Co. v.
Johnson, 125 S. W., 933; Texas Midland Ry. Co. v. Wiggins, 161
S. W., 445; Sanchez v. Railway Co., 88 Texas, 117; Railway Co.
v. Kaufman, 101 S. W., 818.

MR. JUSTICE HAWKINS delivered the opinion of the court.

In the District Court, upon a jury's verdict, Mrs. Pearl Kirksey
obtained a judgment against the Southern Traction Company for
$5000 as damages for causing the death of her husband, James
Kirksey, by negligently operating an express and baggage trolley
car across a public road at Homewood, a station in Ellis County, on
the line of the Traction Company's interurban electric railway.

In the Court of Civil Appeals for the Third Supreme Judicial
District that judgment was reversed, and judgment was rendered
in favor of the Traction Company, upon the holding by that court
that, under all the evidence, the decedent was guilty of negligence
as a matter of law. 181 S. W., 545.

In this court, upon the tentative view that said holding and
said judgment of the Court of Civil Appeals were erroneous, the
writ of error was granted.

Upon repeated and very careful consideration of this case we
are of the opinion that the evidence bearing upon the presented
issue of contributory negligence on the part of said decedent clearly
was such as to require submission of that issue to the jury. The
jury had a right to consider the evidence most favorably for the
plaintiff, from the position of the decedent just before and at the
moment of the collision, rejecting all evidence favorable to the
Traction Company; and this court must so consider the evidence.
Texas & P. Ry. Co. v. Ball, 96 Texas, 622, 75 S. W., 4; Wininger
v. Ft. Worth & D. C. Ry. Co., 105 Texas, 56, 143 S. W., 1150;
Irving v. Freeman, 106 Texas, 38, 155 S. W., 931; Cartwright v.
Canode, 106 Texas, 502, 171 S. W., 696; Mitchum v. Chicago, R. I.
& G. Ry. Co., 107 Texas, 34, 173 S. W., 878; Manning v. Beaumont,
S. L. & W. Ry. Co., 107 Texas, 546, 181 S. W., 687. In the light of
all the evidence, so considered, we think that, justly and properly,

it cannot be held, *as a matter of law,* that a reasonably prudent person in James Kirksey's situation would have seen the approaching trolley car and would have stopped his automobile, or sufficiently diverted its course, in time to avert the fatal collision. As to the effect of the evidence bearing upon that point reasonable minds may differ; hence the question properly is one for the jury. Cartwright v. Canode, *supra.*

The evidence supporting our conclusion need not be set out here in full. Much of it is reflected by the cited opinion of the Court of Civil Appeals, to which we refer with the following explanatory statements:

Plaintiff alleged negligence in the operation of the trolley car, in maintaining excessive and dangerous speed, and in failing to give proper signals. The verdict of the jury against the Traction Company necessarily involved a finding that it was guilty of negligence as alleged; but upon that issue the Court of Civil Appeals expressed no opinion whatever. Its disposition of the appeal was controlled entirely by its holding on the issue of contributory negligence upon the part of the decedent, raised by the defensive plea of the Traction Company.

The evidence bearing upon the issue of contributory negligence, although in certain respects conflicting, was such as to authorize the jury to believe and find that as said trolley car approached said public crossing the customary whistle was not sounded, although required by law; that the trolley car approached and passed said crossing at a speed of sixty miles an hour; that decedent was a hotel man and familiar with the schedules of the Traction Company's cars, and that this trolley car was proceeding behind its regular time, late in the evening; that from said crossing northwardly the track of the interurban railway runs down grade about half a mile, the effect being to obscure, more or less, the southbound trolley car from the view of a person in an automobile approaching from the east said crossing on the public highway, or pike, which was on practically the same grade as was said crossing; that at a comparatively short distance east of said crossing, and north of but near said pike, are a residence, barn, and other outhouses, and, further north, another building, the effect being to obscure, more or less, such southbound trolley car from the view of any westbound automobile passenger along said pike, in approaching said crossing; that a very high wind from the south was blowing; that just prior to said collision Kirksey, in his automobile, on said pike, approached said crossing from the east, passing east and south of said houses at a speed of thirty miles an hour; that as he passed to the south of said houses the witness Deloach, standing near them and on the north side of the pike, signaled him, repeatedly, to stop. Deloach's purpose being to obtain a ride to town with Kirksey; that thereupon Kirksey, whose line of vision, after he had

passed south of said houses, constantly had been directed westwardly, toward said crossing, turned his gaze toward Deloach, and immediately afterward "shut off" the engine of his automobile, and slowed down to a speed of ten miles per hour as he neared said crossing, again looking toward it, but endeavoring to stop to pick up Deloach, who thereupon started toward the automobile; that just before the collision occurred and just after the air brakes of the speeding trolley car were applied, Kirksey then first became aware of its approach, and endeavored, too late, to avoid it, turning his automobile southwardly, almost parallel with the course of the trolley car, resulting in the collision, the right side of the automobile being seriously damaged and Kirksey being thrown southwardly through the interurban railway cattle guard in such manner as to break his neck.

Conceding that the physical conditions were such that as Kirksey approached said crossing he might have discovered the approaching trolley car in time to have avoided the collision had his thought and attention not been distracted by Deloach's signals to stop and his movement toward the automobile as it slowed its speed, there remained for the jury the question whether under all the facts and circumstances, including said distractions, a reasonably prudent person, in Kirksey's situation, would or would not have done substantially as he did.

Obviously the material facts are essentially different, in legal effect, from those involved in McDonald v. International & G. N. Ry. Co., 86 Texas. 1, 40 Am. St., 803, 22 S. W., 939, and International & G. N. Ry. v. Edwards, 100 Texas, 22, 93 S. W., 106, upon which the Court of Civil Appeals relies. The facts of the present case are more analogous, in an important respect, to those in Mitchum v. Chicago, R. I. & G. Ry. Co., 107 Texas, 34, 173 S. W., 878. There the attention of the injured man was diverted from the approaching train which hurt him. Here, as in that case, that common element may have entered, materially, into the deliberations and verdict of the jury.

Numerous assignments of error presented by the Traction Company to the Court of Civil Appeals were not considered there. Several of them relate to admissibility of certain evidence presenting questions of adjective law over which this court has not jurisdiction, under the Act of 1913, p. 107, under which the application for the writ of error was filed. They, and others, should be considered by that court. Accordingly the judgment of the Court of Civil Appeals is reversed, and the cause is remanded to that court for consideration by it of all duly presented unconsidered assignments of error, and for orders not inconsistent with this opinion.

*Reversed and remanded to the Court of Civil Appeals.*