## FERRELL et al. v. BEAUMONT TRACTION CO. (Nos. 203–3281.)*

(Commission of Appeals of Texas, Section B. Dec. 14, 1921.)

1. Street railroads ☞117(31)—Contributory negligence of boy jumping on automobile struck by car held for jury.

Where a 15 year old boy, at the invitation of an older person driving an automobile, jumped from a wagon carrying a picnic crowd and ran around the back end of the automobile and jumped on the running board, which was struck by a street car moving in the opposite direction, his contributory negligence in failing to ascertain whether automobile would come in contact with the street car was a question for the jury.

2. Negligence ☞136(9)—Question for jury.

Negligence and contributory negligence are questions of fact for the jury, and they can only become questions of law when the facts and circumstances are such that but one reasonable conclusion can be drawn therefrom.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by A. Ferrell, in his own behalf and as next friend of his minor son, Leroy Ferrell, against the Beaumont Traction Company, to recover for injuries to the son. Judgment for defendant on a directed verdict was affirmed by Court of Civil Appeals by a divided court (207 S. W. 654), and plaintiffs bring error. Reversed, and remanded for new trial.

Smith & Crawford, of Beaumont (John Hancock, of Fort Worth, of counsel), for plaintiffs in error.

Orgain, Butler & Bolinger, of Beaumont, for defendant in error.

McCLENDON, P. J. This action was brought by A. Ferrell, in his own behalf and as next friend of his minor son, Leroy Ferrell, to recover of the Beaumont Traction Company compensatory damages for injuries received by the son as the result of alleged negligence of the traction company's motorman operating one of its street cars in the city of Beaumont. At the conclusion of plaintiff's testimony in the trial court a judgment was rendered for the traction company upon a directed verdict, the trial court holding that Leroy Ferrell was guilty of contributory negligence as a matter of law. The Court of Civil Appeals by a divided court affirmed this judgment. 207 S. W. 654. The correctness of the trial court's action in directing a verdict for the defendant on the ground of contributory negligence of plaintiff's son, Leroy Ferrell, is the only question which the case presents.

The opinions of the Court of Civil Appeals give a very full statement of the case, and quote extensively from the testimony of the witnesses. For our purposes we adopt the following brief outline of the case from the petition for writ of error, which we think fairly presents the facts essential to a decision of the issue involved:

"On the morning of the 15th of May, 1915, a Sunday school picnic crowd was journeying to Spindle Top Springs, south of the city of Beaumont, in two hay wagons going south on Park street, one of the wagons preceding the other at a distance variously estimated at from 50 to 150 feet. Park street runs practically north and south, and is double-tracked by the defendant company. The east track is used by cars going north into the city, and the west track by cars running south.

"These hay wagons had large, flat beds about 8 feet in width, which were above and extended over the wheels of the wagons, and the beds of the two wagons were crowded with children sitting all round the edges thereof with their feet hanging off. The plaintiff in error, Leroy Ferrell, and others were sitting in the middle of the bed of the rear wagon.

"One of the tracks of defendant in error comes into Park street over Emmett street from the east, south of the place of the accident. When these wagons were thus proceeding down Park street south, the rear wagon running along with its east wheels about the center of the west track of defendant in error, Frank Richards, driving a five-passenger Buick automobile, overtook it and ran along slowly with it for some distance, the front wheels of his automobile running along to the east of the back part of the rear wheel of the wagon, throwing his automobile over near the west rail of the east street car track. While they were traveling in this position, Richards invited some of the boys, including the plaintiff in error, Leroy Ferrell, to get aboard his automobile and several proceeded to do so, including Leroy. The wagon and the automobile were running very slowly and Leroy got off the rear of the wagon and ran around the rear of the automobile, and was on the running board and opening the door of the automobile to get in when one of the street cars of defendant in error, meeting the automobile, collided with it.

"At the time the automobile first overtook the wagon, the street car which afterwards collided with the automobile had just come off of Emmett street, and was standing on Park street, headed north toward the approaching wagon and automobile, discharging and taking on passengers. Leroy Ferrell had not seen the street car, and did not know of its approach. He did not look for a street car, but believed the auto not in conflict with the street car track, and he relied upon the safety of the situation by reason of the auto being lawfully on the street, the invitation by the driver, and the fact that two other boys indicated its safety by taking passage thereon. The wagon and automobile were running along together in this position as the street car left Emmett street and approached them. About the time the boys were getting into his automobile, or

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied January 25, 1922.

starting to get onto it, Richards, the driver, started to go on past the wagon, but he noticed the street car was coming rapidly without abating its speed, and that the motorman was looking backward at the front hay wagon where the children were laughing, cutting up, and talking to the motorman, and he undertook to reverse his automobile and go backward, but before he could get out of the way the street car struck his automobile. Two other boys boarded the automobile at the same time, one escaping without injury, the other receiving cuts in the face. The top of the automobile was up. The street car struck with considerable force. The testimony was undisputed that when the wagon in front passed the street car the motorman seemed to become interested in the fun that was going on among the children in that wagon, and that he was looking backward all the time towards the head wagon until about the time or just a moment before the collision. Some of the testimony was that the car was running very rapidly, it being undisputed that its speed did not check until within a few feet of the auto and too late to avoid the collision. Leroy Ferrell was jarred off of the running board by the collision, falling beneath the west front wheels of the street car, which crushed his leg, occasioning the damages sued for."

The question thus presented may be briefly stated as follows: Can it be said that a boy 15 years of age, who, at the invitation of an older person, jumps from a slowly moving wagon, runs around the back end of an automobile, and jumps upon the running board without first ascertaining whether in so doing he or the automobile would come in contact with a street car moving in the opposite direction on a track in close proximity to the automobile, is guilty of contributory negligence as a matter of law?

[1] We think, under the principles announced in the decisions of our Supreme Court, this question must necessarily be answered in the negative. The degree of care which is required of a person in using a public street as measured by the law is what is commonly termed "ordinary care"; that is, such care as a person of ordinary prudence would exercise under the same or similar circumstances, having due regard for his own safety. While the law defines and prescribes the measure of duty under such circumstances, it does not require or denounce any particular act or acts on the part of the injured party as a compliance or noncompliance with that duty; and, even where the facts are undisputed, the question whether ordinary care has been exercised in a particular instance is a conclusion or inference of fact to be determined by the jury, unless the facts and circumstances are such that but one reasonable conclusion can be drawn therefrom. The jury in negligence cases are the judges, not only of what the facts are, but of the inferences to be drawn from the facts, and are at liberty to take into consideration all the surrounding circumstances which necessarily include, among other things, the age of the party whose acts are brought in question. Leroy Ferrell at the time of the accident was a boy 15 years old, and we may assume that he had the ordinary instincts and proclivities of the average American boy of that age. He was rightfully using the street, in company with a party going to a Sunday school picnic. He was invited by an older acquaintance to ride in a large automobile instead of riding on the wagon. At that time the automobile was not on the track on which the collision occurred, but very near it. Whether too near to avoid a collision is not conclusively shown by the testimony. In going behind the automobile his view of the approaching car was necessarily obstructed. If, in accepting the invitation to ride in the automobile, he assumed that it was in a position of safety, and that there was no danger of a collision with a street car moving in the opposite direction on a nearby track, we think, under the circumstances, and taking into consideration his age, the court would not be warranted in assuming that he was guilty of contributory negligence as a matter of law.

[2] There have been many cases brought before the Supreme Court in which the plaintiff who came in contact with a moving car or train has been sought to be held guilty of contributory negligence as a matter of law, but, except in those cases where there has been a violation of some statute or city ordinance, or a disregard of some warning or known regulation provided for the safety of the injured party, or where there has been a voluntary exposure to a known danger, the cases which have held that there was negligence as a matter of law have been exceedingly rare. The general doctrine announced by our Supreme Court is that negligence and contributory negligence are questions of fact for the jury. They can only become questions of law when the facts and circumstances are such that but one reasonable conclusion can be drawn therefrom.

Two recent decisions of the Supreme Court upon this subject are Kirksey v. Southern Traction Co., 110 Tex. 190, 217 S. W. 139, and Trochta v. Railway, 218 S. W. 1038. In the former case Kirksey, who was driving an automobile, collided with an interurban car at a public country crossing where his view of the track was practically unobstructed. In holding that he was not guilty of contributory negligence as a matter of law the court laid particular stress upon the fact that shortly before he reached the crossing his attention was diverted by a pedestrian calling to him who wanted to ride with him to the next town. In the Trochta Case, which was also a country crossing accident case, and was submitted upon special issues, "the jury found that before driving upon the crossing deceased did not look, listen, or do any

other act to discover the approaching train, but that his failure to do so did not constitute' negligence on his part." In approving the judgment recommended by the Commission of appeals to the effect that the trial court's judgment in favor of plaintiff should be affirmed, the Supreme Court, speaking through Chief Justice Phillips, say:

"Under the facts of this case there is in our opinion no warrant for not applying to it the general rule prevailing in this state, that the failure of one about to go over a public railroad crossing to look and listen for an approaching train does not, of itself constitute negligence as a matter of law. Here, the question as to whether, under all the circumstances, Trochta was guilty of negligence in not looking or listening for the train, was for the jury. The jury determined it against the defendant."

Our view is that the trial court committed error in withdrawing the case from the jury on the issue of contributory negligence.

We therefore conclude that the judgments of the district court and Court of Civil Appeals should be reversed, and the cause remanded to the former for a new trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.

