### SCHAWE v. LEYENDECKER. (No. 6838.)

(Court of Civil Appeals of Texas. Austin. Jan. 27, 1925.)

**1. Trial ⬤══142—Case can be withdrawn from jury only when ordinary minds cannot differ as to conclusion from evidence.**

To authorize withdrawal of case from jury, there must be no room for ordinary minds to differ as to conclusion to be drawn from evidence.

**2. Municipal corporations ⬤══799—Failure to place other barrier along sewer ditch than dirt pile held not negligence proximately causing damage to automobile; "barricade."**

Failure·to place any other barrier along sewer ditch across street than 3 or 4 feet of dirt, which could be seen 300 or 400 yards, *held* not negligence, proximately causing damage to automobile running into culvert in attempt·to avoid ditch, whether "light barricade" required by ordinance refers to weight or illumination; "barricade" being obstruction or block to prevent passage.

[Ed. Note.—For other definitions, see Words and Phrases, Barricade.]

**3. Negligence ⬤══82·—Violation of statute negligence precluding recovery for injuries caused.**

Violation of statute, as in driving automobile at unlawful speed, is negligene per se, precluding recovery by offender for injury proximately caused thereby.

**4. Appeal and error ⬤══1107—Repeal of act fixing speed limit pending appeal from judgment denying recovery for injuries caused by violation of statute held immaterial.**

That Acts 35th Leg. c. 207, § 20 (Vernon's Ann. Pen. Code Supp. 1918,·art. 820o),·limiting speed of motor vehicles on highways to 25 miles an hour, was repealed by Acts 38th Leg. c. 155, raising limit to 35 miles per hour, pending appeal from judgment denying recovery for injuries caused by plaintiff's violation of repealed statute in driving at rate of at least 30 miles per hour in city, *held* immaterial, in view of provision of repealing statute fixing speed limit in cities at 20 miles per hour.

**5. Municipal corporations ⬤══802—Violation of state speed law held proximate cause of damage to· automobile.**

Automobilist's violation of Acts 35th Leg. c. 207, § 20 (Vernon's Ann. Pen. Code Supp. 1918, art. 820o), by driving at rate of at least 30 miles per hour, *held* proximate cause, as matter of law, of damage to car by striking metal culvert in attempt to avoid sewer ditch, along which was piled dirt, which could have been seen 300 or 400 yards away.

**6. Negligence ⬤══68—Test of contributory negligence stated.**

Test of contributory negligence is whether reasonably prudent person in plaintiff's situation would have done substantially as he did, under all facts and circumstances.

**7. Negligence ⬤══136(9)—Contributory negligence for jury, if reasonable minds may differ.**

If reasonable minds may differ as to whether plaintiff exercised ordinary care, contributory negligence is for jury.

**8. Municipal corporations ⬤══806(3)—Automobilist's failure to observe barricade of dirt held proximate cause of damage to car.**

Automobilist's failure to observe road ahead and discover barricade of dirt obstructing way, *held* proximate cause of damage to automobile, as matter of law.

**9. Municipal corporations ⬤══806(1)—Care required of automobile driver to discover ditch in road.**

One whose safety depends on his observing obstruction or ditch in road, on which driving automobile, will be excused for failure to discover it, only where attention was diverted under such circumstances that attention of ordinarily prudent person might be so diverted.

Error from District Court, Caldwell County; M. C. Jeffreys, Judge.

---

⬤══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by H. H. Schawe against Robert Leyendecker. Judgment for defendant, and plaintiff brings error. Affirmed.

Barrett & Barrett, of San Antonio, for plaintiff in error.

Hart, Patterson & Hart, of Austin, for defendant in error.

BLAIR, J. Plaintiff in error, H. H. Schawe, hereinafter designated appellant, sued Robert Leyendecker, defendant in error, hereinafter designated appellee, for $1,400 as damages to appellant's automobile, alleged to have been sustained while he was driving it along Bois d'Arc street within the city limits of the city of Lockhart, Tex., across which street appellee had dug a ditch for the purpose of laying a sewer pipe for the Lockhart Sanitarium.

The specific allegation of negligence on the part of appellee was that he had dug the ditch across the street and had piled the dirt from said ditch along its side, and had failed to place any signal, sign, barrier, or light barricade, or any person to give warning to appellant of the existence of said ditch, and further pleaded that such failure was in violation of article 1 of the sewer ordinance of the city of Lockhart, which requires persons digging sewer ditches to do so in such manner as to avoid damage to public or private property, and that such ditches "must not remain open longer than actually necessary to do the work, and shall be properly protected by light barricades while open."

It was further alleged that in attempting to avoid running into the ditch thus constructed, appellant ran into the edge of a metal culvert, breaking a rear wheel and causing the turning over of his car, which resulted in the specific damages sued for.

Appellee denied generally and specially, and further defended that the damages to appellant's car were the direct and proximate result of his own negligence, in that the dirt taken from the ditch was piled along the sides thereof entirely across the street, and was about 4 feet high, which appellant could have seen some 300 or 400 yards before he reached it, and charged appellant with negligence in failing to observe such barricade, and further that appellant was driving his automobile at an unlawful and excessive rate of speed at the time of the accident.

The cause was tried to a jury, and at the conclusion of the testimony the trial court instructed a verdict for appellee. This appeal is from the judgment of the trial court, based upon the instructed verdict.

[1] Appellant first contends that the evidence raised the question that appellee's failure to properly place signs, signals, etc., at the place where the ditch was constructed was the proximate cause of the accident, at least to the extent that reasonable minds

might differ thereon, and therefore the question was one for the jury to decide. We do not sustain this contention. Appellant cites Hutchens v. Ry. Co., 40 Tex. Civ. App. 245, 89 S. W. 25, which holds:

"In order to authorize the court to withdraw the case from the jury, the evidence must be of such a character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it."

See, also, Lee v. Ry. Co., 89 Tex. 588, 36 S. W. 63; Johnston v. Drought (Tex. Civ. App.) 22 S. W. 290; Phœnix Land Co. v. Exall (Tex. Civ. App.) 159 S. W. 474; Ry. Co. v. Gaddis (Tex. Com. App.) 208 S. W. 895; Ferrell v. Traction Co. (Tex. Com. App.) 235 S. W. 531.

[2] This, of course, is a well-settled rule of law, and we think that we but correctly apply it to the evidence in this case. The secretary of the city of Lockhart testified that he issued a permit to appellee to make the excavation across the street for the purpose of laying the sewer pipe. Appellant pleads, and the evidence is uncontradicted, that the ditch was dug across the street about 2 feet wide and 4 feet deep, and that the dirt taken therefrom was piled entirely across the street, along the side of the ditch from which appellant was approaching, and that this dirt formed a barrier or pile from 3 to 4 feet high, and extended entirely across the traveled portion of the street. It is further shown that an improvised passage was made through the sanitarium lot at the point where the ditch was being constructed. It is further undisputed that this embankment of dirt could be seen from the direction in which the plaintiff was approaching the ditch from between 300 to 400 yards. Plaintiff testified that when he approached the ditch he could see the embankment of dirt piled across the street, and that the embankment was of black dirt, and that it was about 3 feet high, and that the dirt was thrown between him and the ditch; he stated:

"I do not know whether I could have seen that black dirt embankment 600 yards down the road, but I could see it a pretty good ways."

He also testified:

"I judge that the dump was about 3 feet high. I guess if I had been looking for the embankment I could have seen it for some distance. I did not keep my eyes right straight on the road; I do not believe anybody does that. I looked off on the side, and looked right back again. I looked over at the hospital, and I saw two or three young ladies on the porch. I did not know the young ladies; I was not watching the girls on the porch. As to whether that road was practically straight where the dump was, that was around a little curve; the road had already made a curve over to where the dump was. I really do not know how far I could have seen that dump before I got to it; I did not go back to look, I do not

know. I did not run' up against the dump. I do not believe I turned out of the road 60 or 70 feet before I got to the dump; I do not believe it was that far; but it was about 30 or 35 feet to the dump when I started to turn out of the road."

All of the other witnesses, some of whom made actual tests on the evening of the accident, testified that the embankment of dirt thrown across the road could have been seen from 300 to 400 yards down the street from the way appellant approached. The testimony is undisputed that the accident happened between 1 and 3 o'clock in the daytime.

The city ordinance, which appellant claims appellee violated, provided that in making excavations for sewer pipes the excavation should be protected by "light barricades while open." "Barricade" in its usual accepted sense is an obstruction or block for the purpose of rendering passage impossible. Whether the adjective "light" as used in the city ordinance is descriptive of the weight or construction of the barricade rather than that it should be illuminated we find unnecessary to determine here. The city ordinance made no provision as to the kind or character of barricade other than that it be a light barricade. We think that, where the construction itself furnishes a sign, signal, or barricade of such nature that it could have been seen 300 or 400 yards, if one should have looked, giving warning that the street was impassible, it would be just as effective as a "light barricade" constructed of any other material, or illuminated, especially in the daytime, and that this testimony, including the admission of appellant that a barricade or embankment of dirt about 3 feet high extended entirely across the street between him and the ditch, which could have been seen a "pretty good ways," fails to establish the allegation that appellee had negligently failed to place a barrier or anything to indicate that the road was not passable, and that a ditch existed in the road. In other words, we think that there is no such conflict in the testimony and no possibility for any disagreement on the part of men of reasonable minds that the failure of defendant to construct or place at the ditch any other kind of barrier other than the 3 or 4 feet of dirt piled entirely across the road, which could be seen 300 or 400 yards, was the proximate cause of appellant's injuries.

[3] Appellant contends in the second place that the court erred in instructing the jury for appellee, because the appellant was not guilty of negligence per se in driving his automobile at a rate of speed in violation of the laws of this state at the time of the injury. The uncontradicted testimony of appellant was that he was traveling between 30 and 35 miles per hour. He said that: "I do not believe it was over 30 miles an hour, and I know it was not over 35." All other witnesses testified that he was traveling over 50 miles per hour at the time of the accident. The accident occurred on August 3, 1922. At this time the law of Texas relating to the rate of speed at which one could lawfully operate an automobile upon public highways, or upon the streets within an incorporated town or city, was that it could not be operated in excess of 25 miles per hour. A violation of a statute is negligence per se, and the law forbids a recovery by one thus offending, where such violation was the proximate cause of the injury. Waterman Lbr. Co. v. Beatty, 110 Tex. 225, 218 S. W 363; Hines v. Forman (Tex. Com. App.) 243 S. W. 479; Tex. & N. O. R. Co. v. Harrington (Tex. Com. App.) 235 S. W. 188; Ry. Co. v. Johnson (Tex. Civ. 'App.) 224 S. W. 277; Hines v. Richardson (Tex. Civ. App.) 232 S. W. 889.

[4] In this connection appellant contends that chapter 207, § 20, of the Acts of the Thirty-Fifth Legislature (Vernon's Penal Code 1918 Supp. art. 820o), by which the speed for motor vehicles on highways was fixed at 25 miles an hour, in force at the time of the accident, has been repealed and amended by chapter 155 of the Acts on the Thirty-Eighth Legislature, which raised the speed limit to 35 miles per hour. He further contends that upon the authority of Etter v. Mo. Pac. Ry. Co., 2 Willson, Civ. Cas. Ct. App., § 60, which holds that:

"If a cause be appealed, and pending it the law is changed, the cause must be disposed of under the law in force when the decision is rendered."

Whether this rule of law applies to this case we do not find it necessary to determine here, since the Act of the Thirty-Eighth Legislature, by which the Act of the Thirty-Fifth Legislature fixing the speed limit at 25 miles per hour was repealed, fixes the speed limit in a city at 20 miles per hour. In Ex parte Curry, 96 Tex. Cr. App. 3, 255 S. W. 730, it was held:

"The importance of the question under consideration is minimized by the passage of chapter 155 of the Acts of the Thirty-Eighth Legislature, in which section 20, supra, was amended, so that, by the state law, the speed limit for motor vehicles is fixed at not to exceed 35 miles per hour on the public' highway, and not to exceed 20 miles per hour in any incorporated city."

It is pleaded and admitted that the street on which the ditch was being dug and here complained of by appellant was within the corporate limits of the city of Lockhart. So, according to appellant's own admission, he was driving at least 5 miles in excess of that rate of speed authorized by law at the time of the accident, and at least 10 miles in excess of the speed limit fixed by law at this time.

[5] It is further contended in this connection that, although appellant was guilty of the violation of motor vehicle speed laws, and negligent per se in the operation of his car at the time of the accident, yet he would not be held guilty of contributory negligence as a matter of law, unless such violation be the proximate cause of the injury, that the rules governing proximate cause apply alike to the violation of a statute and to common-law negligence, and, if reasonable minds may differ as to whether such violation was the proximate cause of the injury, the question of contributory negligence is properly one for the jury. These are all correct propositions of law, and we think that we only correctly apply them under the evidence of this case. A thorough discussion of these rules will be found in the case of Hines v. Forman (Tex. Com. App.) 243 S. W. 479, and the cases there cited. It was not held in that case that the violation of the statute was the proximate cause of the injury, as a matter of law, because the jury found that the party inflicting the injury was also guilty of negligence causing the injury, and therefore a conflicting verdict. In this case there is no question but that appellee was not negligent in the matter complained of as found by the trial court, and sustained by us in this opinion; that is, he was not negligent in his failure to place a sign or barricade other than the pile of dirt thrown across the road, at the place where the ditch was being constructed. That being true, we think it follows that the injury complained of was either unavoidable or caused by the negligent act of appellant in driving his car at a rate of speed in violation of law, thereby preventing him from stopping the same within the space he had, after the discovery of the embankment across the road. Appellant testified that he did not know in what space he could have stopped the car operating at the rate of speed it was going at the time of the accident. Another witness, who made an actual test with a car of practically similar weight and at the place of the accident, said he stopped in 55 feet traveling at the rate of 43 miles per hour. He operated the car in the same manner that appellant testified he operated his car at the time of the accident. Appellant contends that his injury was caused by reason of the fact that no barrier was placed at the ditch to warn him in sufficient time for him to have checked the speed of his automobile before he struck it, and that in attempting to avoid striking the ditch he commenced some 35 feet away from it to turn out of the road, and that he applied his brakes and skidded into the head of a galvanized culvert, breaking a wheel and causing his car to turn over. We think it follows as a corollary, and under the proof in this case, that, had appellant been operating his automobile within the rate of speed authorized by law, he could have avoided the accident in question, and that his violation of the law in this respect was per se the proximate cause of the injury to his car.

We are also of the opinion that the trial court correctly held that the injury to appellant's car was caused by his own negligence in not observing the road ahead of him and discovering the embankment of dirt placed in the road, because the uncontradicted testimony is that the accident occurred in the daytime; that he was traveling upon a street which was practically straight; and that he could have seen the embankment of dirt across the road for a distance of 300 or 400 yards before he reached it, had he looked.

[6, 7] The test or rule by which this question is determined is well settled in the case of Ry. Co. v. Price (Tex. Com. App.) 240 S. W. 524, and Barron v. Ry. Co. (Tex. Com. App.) 249 S. W. 827. As applied to this case the test is whether or not under all the facts and circumstances a reasonably prudent person in appellant's situation would have done substantially as he did. If reasonable minds may differ as to whether or not he did exercise ordinary care, the question of contributory negligence is one for the jury. Kirksey v. Traction Co., 110 Tex. 190, 217 S. W. 139; Mitchum v. Ry. Co., 107 Tex. 34, 173 S. W. 878; Trochta v. Ry. Co. (Tex. Com. App.) 218 S. W. 1038; Ry. Co. v. Merchant (Tex. Com. App.) 231 S. W. 327; Jones v. Ry. Co. (Tex. Com. App.) 243 S. W. 976; Ferrell v. Beaumont Traction Co. (Tex. Com. App.) 235 S. W. 532; Hines v. Arrant (Tex. Com. App.) 225 S. W. 768. It was held in Ry. Co. v. Price, supra, that where one in possession of his faculties stepped immediately in front of a moving train, the approach of which is unobstructed from his view and which could be seen and heard by him by using his ordinary faculties, or by taking any precaution whatever, is guilty of contributory negligence, as a matter of law, when he fails to use such faculties and as a result thereof is injured.

[8] Applying the above rule to the facts in this case, we think that reasonable minds could reach only one conclusion—that appellant's failure to observe the road ahead of him and discover the barricade or dirt obstructing the passage way on the road was the proximate cause of his injury. Appellant testified:

"The road I was traveling on is what I would call a straight road. * * * As to what kind of a lookout I kept at the time I was driving that car along the road immediately before the accident, will state I traveled like I generally drove, just the way I always drove; looked down the road and looked off every once and awhile, like everybody else does. As to how the accident occurred and as to what I did from the time I first saw the ditch until the time I

turned over, will say we were going along into Lockhart; we were going to play baseball; just driving along, three of us in the car, talking just like we generally do; maybe I looked off a second, then I looked up the road again, coming along, and I or all three noticed it about the same time, because I know the boys said, 'Look out, there is a ditch.' * * * I do not know whether I could have seen that black dirt and bank 600 yards down the road, but I could see it a pretty good ways. * * * I judge that the dump was about 3 feet high. I guess if I had been looking for the embankment I could have seen it for some distance. I do not keep my eyes right straight on the road; I don't believe anybody does that."

[9] As we interpret the decisions on this question, they hold that, where the duty devolves upon a party to exercise ordinary care for his own safety, and where such safety depends upon his observing an obstruction or ditch on the road on which he is driving an automobile, or to observe a train approaching a crossing that he is about to make, or anything else that might require of him exercise of observation for his own safety, he will be excused only for a failure to discover the object, obstruction, or approaching train when his attention has been diverted therefrom under such circumstances that the attention of an ordinarily prudent person might be so diverted. But appellant states that nothing out of the ordinary happened to him. To the contrary, he states that everything that did happen was according to the way the thing ordinarily happened, and that all that transpired while he was driving his car, conversation with the boys, and casually taking his eyes off the road to look over at the hospital and observe the young ladies, were things that ordinarily happened to him while driving his automobile. In fact, taking his own testimony, the only excuse we find in the record for the accident was that given by him when he said, "I guess if I had been looking for the embankment I could have seen it for some distance."

The judgment of the trial court is in all things affirmed.