## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. TAYLOR.

(Court of Civil Appeals of Texas. Texarkana.
April 30, 1912. Rehearing Denied
Oct. 10, 1912.)

1. DAMAGES (§ 130*)—PERSONAL INJURIES—EXCESSIVE DAMAGES.

Though, in an action for personal injuries, the evidence showed that the injury to plaintiff's head was only slight, but the evidence required the jury to determine whether or not plaintiff sustained an injury to his kidney, a verdict based on an injury to his kidney would not be disturbed as excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 357–367, 370; Dec. Dig. § 130.*]

2. TRIAL (§ 296*)—INSTRUCTIONS—MISLEADING INSTRUCTIONS.

Where, in an action for injuries to a passenger while attempting to alight, caused by the sudden jerking of the train, the jury understood from the whole charge that they must determine the question whether there was a sudden movement of the train, a charge subject to the criticism that it assumed that the train was started suddenly was not ground for reversal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

Appeal from District Court, Upshur County; R. W. Simpson, Judge.

Action by W. W. Taylor against the St. Louis Southwestern Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Appellee was a passenger on the appellant's passenger train, with Gilmer as his destination. According to the testimony offered in his behalf, the Gilmer station was first called, and the train then came to a standstill for a second or two, and then suddenly was moved forward several feet to a final stop. When the train came to a standstill the first time, appellee rose from his seat in the car, and proceeded towards the entrance of the car to alight. There was a sudden jerk of the train in the forward movement, and the jerk threw appellee against the door facing, injuring, as he contends, his head and his left side, and causing injury to his kidney. Negligence was predicated in making the forward movement of the train and in making the forward movement in a quick and rough manner. Appellant answered by denial and a plea of contributory negligence. All issues of fact were decided by the jury in appellee's favor.

Marsh & McIlwaine, of Tyler, and E. B. Perkins and Daniel Upthegrove, both of Dallas, for appellant. M. B. Briggs, of Gilmer, for appellee.

LEVY, J. (after stating the facts as above). [1] The first and second assignments contend that the amount of compensation awarded by the jury is excessive. The evidence establishes that the hurt to the head was only slight and of little consequence. But there is evidence, we think, that would require the jury to decide whether or not the appellee's fall back on the door facing injured or assisted the hurt to his kidney, and if his kidney was injured, as involved in the verdict, the amount was not excessive.

[2] While the paragraph of the charge complained of in the sixth assignment is probably subject to the criticism that its phrasing assumed that the train was started in a sudden and rough manner, it would not, we think, be sufficient grounds to warrant a reversal of the case, for the jury would reasonably have understood from the whole charge that it was intended to leave for their decision the question of whether there was a sudden and rough movement of the train. Hence no injury resulted to appellant.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

We have considered the remaining assignments, and they are all overruled as not presenting, we think, any reversible error.

The judgment is affirmed.