**GALVESTON, H. & S. A. RY. CO. v. TAPLEY et al.   (No. 7264.)***

(Court of Civil Appeals of Texas. San Antonio. Jan. 7, 1925. Rehearing Denied Feb. 5, 1925.)

1. **Appeal and error** ⚖️930(1)—**Greatest possible weight given on appeal to every fact supporting verdict.**

Greatest possible weight is given on appeal to every fact supporting verdict, jury being exclusive judges as to credibility of witnesses and weight of testimony.

2. **Master and servant** ⚖️145—**Rule regulating stopping of "freight train" properly admitted.**

Rule of railroad requiring slow moving freight train to be stopped gradually without jerking, held properly admitted, in action for brakeman's death where there was proof that engineer stopped by applying "straight air" and not in conformance with rule; engine with 15 or 25 freight cars being "freight train" within rule, though picking up cars on siding.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Freight Train.]

3. **Master and servant** ⚖️285(11)—**Whether negligence of engineer was proximate cause of brakeman's death held for jury.**

Evidence held to make question for jury whether negligence of defendant's engineer, in stopping train with a jolt, was proximate cause of brakeman's death.

4. **Master and servant** ⚖️286(29)—**Failure to stop train as soon as possible after deceased thrown between cars, held for jury.**

In action for wrongful death of brakeman, whether defendant failed to stop train as soon as possible after deceased was thrown between cars, held question for jury, where evidence showed stop was possible in from 8 to 15 feet, and was not made in less than 90 to 120.

5. **Death** ⚖️99(4)—**$20,000 for death of brakeman not excessive.**

In action for wrongful death of brakeman, 48 years old, in good health and earning $200 a month, verdict allotting $10,000 to widow and like sum to be divided among four minor children, held not excessive.

Appeal from District Court, Bexar County; Wm. S. Anderson, Judge.

Action by Mary Ann Tapley and others against the Galveston, Harrisburg & San

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction March 24, 1925.

Antonio Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Templeton, Brooks, Napier & Brown, of San Antonio, for appellant.

Perry J. Lewis, H. C. Carter, Randolph L. Carter, and Champe G. Carter, all of San Antonio, for appellees.

FLY, C. J. This is an action for damages arising from the death of James M. Tapley brought by his widow, as administratrix, and his minor children, Mary Marguerite, Colleta, Letitia and Bernice Tapley, and his adult daughters, Mrs. Clifford H. West and Mrs. Cosimo Lucchese, joined by their husbands, Clifford H. West and Cosimo Lucchese, against appellant, alleging that James M. Tapley was killed through the negligence of his employer, the said appellant. The cause was submitted to a jury upon special issues, in answer to which the jury found in favor of appellees for $20,000, and judgment was rendered thereon.

Twenty-two special issues were submitted to the jury by the court, and in response thereto the jury found that in answer to a slow stop signal the engineer suddenly checked the speed of the engine and cars with a severe and unusual jolt or jar just as James M. Tapley boarded the steps of a car and negligently threw him in between the cars, and then negligently failed to stop the cars, and, with knowledge of his peril, killed James M. Tapley; that the cars could have been stopped and the death avoided; that Tapley was not guilty of contributory negligence. The jury found damages in favor of Mrs. Tapley for $10,000, in favor of Bernice Tapley for $4,000, of Letitia Tapley for $3,000, and in favor of Coletta Tapley and Marguerite Tapley, each for $1,500. The verdict was sustained by the facts.

James M. Tapley was a brakeman in the employment of appellant and was killed on June 18, 1923, while, in performance of his duty, he was engaged in throwing a switch, and while the train of 25 cars was about to pass over the switch an employé gave the engineer a slow signal and Tapley endeavored to board an oil car in order to set the brakes, when the cars were suddenly slowed down with such violence as to throw Tapley between the cars, and then, although aware of his peril, the engineer failed to use means within his power to check the cars, and ran over and caused the death of Tapley. The latter was not guilty of contributory negligence. The engineer was guilty of negligence in applying the straight air which caused violence in the stoppage, when use of the automatic brakes on all the cars would have prevented a rough and violent jerk of the cars. The violence of the straight air application threw Tapley between the cars, and the engineer, knowing his peril, was negligent in not stopping the cars before they ran over and caused the death of Tapley. The brakes on the train were applied in violation of rules promulgated by appellant. Tapley was dragged, after being thrown between the cars, for the length of 2½ or 3 cars, and the train, which was moving between 3 and 4 miles an hour, could and should have been stopped in a car's length, thus preventing injury to Tapley. It was negligence to fail to stop the cars before Tapley was crushed.

[1] It is asserted by appellant that there was no evidence of negligence upon the part of its employés, and to sustain that proposition the evidence offered by appellees is either ignored or its probative force so minimized as to practically destroy it. That is not the rule by which an appellate court weighs the evidence in the light of a verdict or a judgment. The well-established, unassailable rule is that an appellate court must give the most favorable consideration and the strongest weight to every available fact shown by the record that tends to support the verdict. The jury were the absolute exclusive judges of the credibility of the witnesses and the weight of the testimony, and no court has the right or authority to invade their prerogative. Railway v. Ball, 96 Tex. 622, 75 S. W. 4; Wininger v. Railway, 105 Tex. 56, 143 S. W. 1150; Irving v. Freeman, 106 Tex. 38, 155 S. W. 931; Cartwright v. Canode, 106 Tex. 502, 171 S. W. 696; Mitchum v. Railway, 107 Tex. 34, 173 S. W. 878; Manning v. Railway, 107 Tex. 546, 181 S. W. 687; Kirksey v. Traction Co., 110 Tex. 190, 217 S. W. 139; Findlay v. State, 113 Tex. 30, 250 S. W. 651; Power Co. v. Bristow (Tex. Civ. App.) 213 S. W. 702; Pendell v. Apodaca (Tex. Civ. App.) 221 S. W. 683; Barron v. Railway (Tex. Com. App.) 249 S. W. 825; Railway v. Carter (Tex. Com. App.) 261 S. W. 135. The first, second, third, fourth, fifth, and sixth propositions under assignments of like numbers are overruled.

[2] The seventh, eighth, and ninth assignments and propositions are overruled. The rules were properly admitted in evidence and the charges to ignore them, requested by appellant, were properly rejected. Undoubtedly, an engine with 15 or 25 freight cars was a freight train within the letter and spirit of appellant's rule 28, which provided:

"In making a service stop with a freight train moving slowly near the point of desired stop, apply the brakes by reducing brake pipe pressure continuously until the stop has been made."

The freight train was not transformed from its status to that of a switch engine by the fact that it was picking up cars on a siding or shunting them around. Freight trains often, if not generally, pick up cars from sidings of the main line, when it becomes necessary to take them along with the

regular freight train. The train was not stopped in the manner demanded by the rule, but was stopped with what the witnesses called "straight air" which, a witness testified, "causes the greatest amount of shock." The rule was promulgated to protect the cars from jars and the employés from being thrown from the cars and injured or killed. The rule was violated and that violation was negligence which was imputed to appellant. In connection with the rule it was shown by the evidence of Ragsdale, appellant's traveling engineer, who was a witness for appellant, that:

"The amount of jar on the rear end of the train would depend entirely on how the engineer handled the train and the air. If he handled it right there wouldn't be any jar, if he handled it the way we instruct them to handle it. * * * If an engineer, in making a slow stop, handles his engine and his air properly there will only be a slight jar on the rear end of say 25 cars; that is true. If there is a severe jar, then that would clearly show that he had not handled it properly."

Deceased was near the rear end of the train and there was such a violent jar as to throw an experienced, careful man from his place on a car to the track where he was run over and killed. He was killed through the negligence of the engineer and other employés, and a hundred lanterns or markers on the train could not have saved him, and if they were not on the train the engineer was not justified or excused in killing Tapley. The engineer was moving slowly and if it was a train without markers or lanterns, it was moved in violation of rule 28.

There can be no doubt that the rule was properly admitted in evidence. Railway v. Pingenot (Tex. Civ. App.) 142 S. W. 93; Traction Co. v. Hanson (Tex. Civ. App.) 143 S. W. 214; Railway v. Taylor (Tex. Civ. App.) 149 S. W. 1090; Barron v. Railway (Tex. Com. App.) 249 S. W. 825. Writs were refused in each of the cases cited, rendered by Courts of Civil Appeals, and the case by the Commission of Appeals was approved by the Supreme Court. The trial court did not give the rule the dignity of a statute with its violation presenting a case of negligence per se. It was not mentioned in issues submitted to the jury, but was treated as any other circumstance tending to show negligence. The charge requested by appellant, and whose rejection is presented as error in the ninth proposition on the rule, was directly upon the weight of the evidence and was properly refused. Campbell v. Campbell (Tex. Civ. App.) 215 S. W. 134.

[3] Under our conclusions of fact the tenth and eleventh propositions, which complain of the submission of the issue as to whether the negligence of the engineer was a proximate cause of Tapley's death, because the evidence did not justify it, are without merit and are overruled. It can reasonably be inferred from the testimony that Tapley was thrown from the car by violent and sudden stopping of the train, in fact there is positive evidence to that effect. Crane, a brakeman in the employment of appellant, swore that Tapley caught the car in the ordinary way, and that he was thrown from the car just as the car was checked in its speed. He said:

"The swing man gave the signal to slow down the speed of the train. He gave a slow signal. At the time he gave that slow signal I should judge the train was running 4 or 5 miles an hour. The engineer checked the speed of the train and the slack of the cars ran up, and at that time Mr. Tapley was thrown from his position on the car to the position that he was around in front of the oil tank."

Welch, another employé of appellant, swore in regard to Tapley:

"As he got on the car the slack ran together and he was thrown off. * * * As he caught hold of the car the slack ran together and he was thrown off at that time."

There was sufficient jar "in the slack" to throw Tapley off the car, and Ragsdale, the traveling engineer, said:

"If there is a severe jar then that would clearly show that he had not handled it properly."

Wright, an employé of appellant, said:

"If, as a matter of fact, there was a severe jolt at the rear end of the train, it would indicate that the engineer had not handled that air properly."

[4] The testimony showed that the train ran from two cars and a half to three cars lengths after Tapley was thrown from the car. A car length is from 36 to 40 feet, and therefore the train must have moved from 90 to 120 feet. Tapley must have been dragged that distance. The train should and could have been stopped in a shorter distance and it was negligence to fail to stop it. The court did not err in presenting the issue:

"After James Tapley was between the cars, did the defendant's employés fail to stop said cars as soon as they could have been stopped."

The evidence showed that the train could have been stopped, at the rate of speed it was moving, in 8 or 12 or 15 feet. The twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-second, twenty-third, twenty-fourth, and twenty-fifth propositions are overruled. All of them proceed upon the theory that there was no testimony tending to show negligence upon the part of appellant that caused the death of Tapley. The trial judge and jury have found that there was such negligence, and have found that Tapley was not guilty of contributory negligence, and this court con-

cludes that there is testimony which supports the verdict and judgment of the lower court.

[5] There is no excess in the verdict. At the time of his death Tapley was 48 years old, was able-bodied, strong, in good health and was earning $200 a month. The sum of $10,000 allotted to the widow is moderate, and meagre sums were allotted to the minor children. The verdict must be viewed in the light of the sums allotted to each individual. Compared with numerous other verdicts the sum as divided, or in the aggregate, is not excessive.

The judgment is affirmed.