## HUBB DIGGS CO. v. BELL.*
### (No. 1045—4967.)

Commission of Appeals of Texas, Section A. Jan. 4, 1928.

1. **Negligence ⊜⇒5—Conformity with custom is some proof of due care, and nonconformity, of negligence.**

Whenever evidence of custom is competent, conformity therewith is some proof of due care, and nonconformity has an equal quantum of proof of negligence.

2. **Municipal corporations ⊜⇒706(4)—Where plaintiff proved motorcycle policemen's customary high speed, defendant should have been permitted to show policeman killed in collision exceeded customary speed.**

Where, in suit by a wife of a motorcycle policeman for his death by collision of his motorcycle with defendant's truck at street inter-

---

section, wherein proof of the custom of motorcycle policemen to travel at a high rate of speed was permitted, *held* that, where such proof of a custom was permitted, the defendant should have been permitted to show that the decedent exceeded the rate established by such custom.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by Mrs. J. D. Bell against the Hubb Diggs Company, a judgment for plaintiff was affirmed and the cause remanded by the Court of Civil Appeals (297 S. W. 682), and defendant brings error. Judgment of the District Court and that of the Court of Civil Appeals reversed, and cause remanded to the District Court.

Thompson & Barwise and Geo. Thompson, Jr., all of Fort Worth, for plaintiff in error.

McLean, Scott & Sayers, of Fort Worth, for defendant in error.

NICKELS, J.   The case is fully stated in the opinion of the Court of Civil Appeals. 297 S. W. 682. See also (Tex. Com. App.) 293 S. W. 808.

For instant purposes, it is sufficient to say: (a) Dangerous and reckless speed made up or was included in negligence charged respectively against the company and the deceased. (b) That negligence as proximate cause of the collision and Bell's death was charged against the company and the deceased. (c) The jury found the speed of the company's truck and of Bell's motorcycle to have been, respectively, 25 and 38 miles per hour. (d) The company's act was negligent, but that of Bell was not negligent, according to the verdict. (e) The collision happened at a street intersection in Fort Worth. (f) Bell's approach to the intersection was marked by negligence in omission to give signals, but this was not a proximate cause—according to the verdict. (g) Bell was a policeman, and at the time of the collision he was answering an emergency call. (h) Lewis was Bell's superior and in charge of that department of the police organization of the city to which Bell belonged. (i) Amongst the facts shown by plaintiff (Mrs. Bell) upon which the finding against negligence in Bell's conduct rests is a "custom for motorcycle officers in Fort Worth * * * while employed by the city on emergency calls to travel at high speed in answering those calls" and existence of "an order from the captain" (Lewis) "about the rate of speed" those officers should make. (j) Amongst the facts subsequently sought to be developed by the company is the fact that by the "rules and regulations" issued "by the

chief of the motorcycle squad" (i. e., by Lewis) it is provided that such officers "should not operate their motorcycles at a greater rate of speed than 35 miles an hour, under any circumstances." (k) Upon objection that the regulation was not embodied in an ordinance, evidence by which it was offered to be shown was excluded. (l) That action of the court was approved by the honorable Court of Civil Appeals, and its ruling is the subject of an assignment duly presented to the Supreme Court. .

Plaintiff in error asserts conflict between that ruling on the one hand, and those made in City of Ft. Worth v. Davidson (Tex. Com. App.) 296 S. W. 288, Barron v. H. E. & W. T. Ry. Co. (Tex. Com. App.) 249 S. W. 829, and G., H. & S. A. Ry. Co. v. Tapley (Tex. Civ. App.) 268 S. W. 491, on the other. But that exact point need not be decided.

We do not express or imply an opinion about the admissibility of "custom" evidence of the kind produced by Mrs. Bell, with issues drawn as they are here. It was before the jury, and its practical effect there cannot be doubted.

[1, 2] Whenever that kind of evidence is competent, conformity with the usage is some proof of due care, etc., and nonconformity, perforce, has an equal quantum of proof of negligence. Compare Comanche Duke Oil Co. v. Tex. Pac. Coal & Oil Co. (Tex. Com. App.) 298 S. W. 554; Cameron Compress Co. v. Whitington (Tex. Com. App.) 280 S. W. 527. Plaintiff having brought forward proof that a "custom" existed which permitted Bell to make a "high rate of speed" and (inferably) the rate which he did in fact make, the defendant ought to have been allowed to show that the "high rate of speed" permitted by that custom did not exceed 35 miles per hour and that Bell, therefore, did not conform to the usage set up in his justification. The proffered evidence had a tendency in those directions, and (in view of the state of the record when offered) it should have been admitted despite the objection made.

Other matters presented are immaterial in result of the conclusion expressed.

We recommend that the judgments of the district court and Court of Civil Appeals be reversed and that the cause be remanded.

CURETON, C. J.   Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.