ROBERT E. McKEE, GENERAL CON-
TRACTOR, Inc.

v.

PATTERSON.

No. 3116.

Court of Civil Appeals of Texas.
Waco.

Dec. 17, 1953.

Rehearing Denied Jan. 7, 1954.

Cecil, Keith & Mehaffy, Beaumont, for appellant.

Orgain, Bell & Tucker, Beaumont, for appellee.

HALE, Justice.

This is an appeal from a judgment in favor of appellee for damages on account of personal injuries sustained by him when a ladder upon which he was working slipped and caused him to fall. The judgment was based upon jury findings that the injuries complained of were proximately caused by certain specific acts of negligence on the part of appellant in failing to exercise due care to furnish to appellee a reasonably safe place in which to perform the work upon which he was engaged at the time he was injured. Appellant predicates its appeal upon two points of error, viz.: (1) "The trial court erred in submitting this case to the jury when no evidence was introduced by the plaintiff showing any negligence on the part of Robert E. McKee, General Contractor, Inc."; and (2) "The trial court erred in submitting the case to the jury when the undisputed evidence showed, as a matter of law, that David B. Patterson was guilty of contributory negligence."

The evidence shows that appellant entered into a contract with the Port Arthur Independent School District for the construction of a High School building and gymnasium. As the general contractor, it arranged with various persons as subcontractors to do certain parts of the work necessary to the performance of its contract with the School District. Horn Brothers Company and J. A. Honeycutt were two of the subcontractors on the job. Horn Brothers were to furnish and install certain folding partitions and bleachers in the gymnasium and Honeycutt was to finish the floor in the gymnasium. A. A. Crawford was appellant's general superintendent and as such he coordinated all of the work being done on the project and called upon each of the subcontractors to perform the work to be performed by each at such time or times as he saw fit. Bill Summers, as foreman for Horn Brothers, employed appellee as a carpenter to assist in doing the work which Horn Brothers had agreed as a subcontractor to do. Before the overhead carpenter work incident to the proper installation of the folding partitions and bleachers in the gymnasium had been completed, Crawford called upon Honeycutt to finish, sand and polish the floor in the gymnasium and this was done. Thereafter, in order to continue the work upon which he had been previously engaged, appellee ascended a ladder resting upon the polished floor, the ladder slipped and appellee fell, thereby sustaining the injuries of which he complains.

In the case of Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425, 431, 20 A.L.R.2d 853, the Supreme Court of Texas said: "A general contractor on a construction job, who is in control of the premises, is burdened with the duty to use due care to provide a safe place for workmen on the premises, including the employees of other contractors." Such being the law in this State, if there was any evidence adduced upon the trial of this case which, when considered in the light most favorable to appellee, tended to show that appellant failed to exercise due care to furnish to appellee a reasonably safe place in which to perform the work upon which he was engaged at the time of his injury, then in that event the judgment appealed from should be affirmed, unless the undisputed evidence showed conclusively that appellee was guilty of contributory negligence as a matter of law. On the other hand, if there was no evidence of negligence on the part of appellant in failing to discharge the duty which it owed to appellee, or if the evidence showed conclusively that appellee was guilty of contributory negligence as a matter of law, then in either

of such events the judgment appealed from should be reversed and judgment should be here rendered that appellee take nothing by reason of his suit.

There was direct evidence to the effect that a finished floor is a greater hazard to workmen who are required to work on it than a floor that is not finished. There was also testimony from several witnesses that the usual and customary practice in the construction of a building, such as the gymnasium involved in this case, was to so plan, coordinate and pursue the work on the project that the interior carpenter work, and particularly the overhead work necessitating the use of ladders, would be completed before the floors were finished and polished. The witnesses Marsh and Deckard each testified that after Honeycutt had finished and polished the floor of the gymnasium, appellant did not supply any covering for the floor to protect it in any way or to prevent a ladder from slipping on it.

Appellee testified in substance, among other things, that he had been working as a carpenter for twenty-five years and had worked on numerous construction jobs in different parts of the State of Texas; that he was familiar with the custom and general practice in construction work such as he was engaged in at the time of his injury and that "in all areas that I ever worked in, we have always finished all overhead work before the floors were finished"; that Mr. Crawford, who as superintendent for appellant had supervision of the entire job, called him off the work he was doing before the same had been completed in order that the floor might be finished; and that in all of his previous experience he had never been called upon to do overhead work in a building after the floors had been finished. When asked if he could tell from observing the finished floor after he returned to the job just how slick or dangerous it was going to be for him to work on, he said: "No sir, I wouldn't say that I could tell how dangerous it would be or just how slick it would be, because I never had any experience working on one."

Appellee further testified that it was necessary for him to use a ladder in order to do the work upon which he was engaged at the time of his injury; that Mr. Crawford knew when he had the floor finished that there was unfinished overhead carpenter work which would require the use of a ladder; that Mr. Crawford instructed him when he returned to complete his carpenter work to wrap the bottom of the ladder with burlap in order to prevent any scarring of the finished floor, and he had done so; that he did not realize at or prior to the time of his injury that the ladder might slip; that he thought the burlap which he had wrapped around the legs of the ladder "would help keep the ladder from slipping as well as keep from marring the floor"; and that when Mr. Crawford told him to wrap the legs of the ladder with burlap he believed Mr. Crawford "knew what he was doing."

We cannot say as a matter of law that the evidence to which we have referred did not tend in any manner to show that appellant failed to exercise due care for the safety of appellee at and prior to the time of his injury. On the contrary, after reviewing all the facts and circumstances in evidence, we have concluded that controlling issues of fact were raised by the evidence for the determination of the jury on the questions of both primary and contributory negligence. Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425, 20 A.L.R.2d 853; Blanks v. Southland Hotel, 149 Tex. 139, 229 S.W.2d 357; Walgreen-Texas Co. v. Shivers, 137 Tex. 493, 154 S.W.2d 625; Hall v. Medical Arts. Bldg., Tex.Sup., 251 S.W.2d 497; Triangle Motors of Dallas v. Richmond, Tex.Sup., 258 S.W.2d 60; McAfee v. Travis Gas Corp., 137 Tex. 314, 153 S.W.2d 442; Texas & N. O. R. Co. v. Wood, Tex.Civ.App., 166 S.W.2d 141.

In the case of Kuemmel v. Vradenburg, Tex.Civ.App., 239 S.W.2d 869, 872, (er. ref. n.r.e.) in considering deviation from custom as a fact element in the determination of negligence vel non, we find this statement: "Just as conformity with custom may evidence freedom from negligence,

nonconformity may evidence the presence of negligence. Hubb Diggs Co. v. Bell, Tex.Com.App., 1 S.W.2d 575; 30 Am.Jur., Negligence, § 34; 65 C.J.S. Negligence, § 16; 30 Tex.Jur., Negligence, § 74." See also: 20 A.L.R.2d pp. 899–901; Holdren v. Morris, 190 Misc. 673, 74 N.Y.S.2d 807; Garland v. Townsend, 217 Mass. 297, 104 N.E. 731; Henry Pierson & Sons v. Gohr, 126 Md. 385, 94 A. 1021.

We think the jury was warranted in finding from all the facts and circumstances in evidence, as it did, that the floor at the place where appellee was working at the time he was injured was not reasonably safe for such work; that appellant failed to use due care to furnish appellee with a reasonably safe floor on which to perform his work; that appellant was negligent in allowing the gymnasium floor to be finished before appellee and Horn Brothers had completed the carpenter work in the gymnasium; and that appellee was not negligent in climbing up the ladder as he did. It also appears to us that the evidence raised fact issues for the jury as to whether or not appellant was negligent in instructing appellee to wrap the legs of the ladder with burlap, or in failing to furnish a tarpaulin or some type of floor covering or some character of mechanical device which would tend to prevent the ladder from slipping when it was being used on the finished floor for the purpose of completing the overhead carpenter work in the gymnasium.

We recognize that appellant's legal obligation to appellee did not extend beyond its duty of exercising ordinary care to protect the latter against working conditions which might involve an unreasonable risk to his safety, the danger of which would not be open or obvious to a person exercising ordinary care for his own safety under the same or similar circumstances. However, we are of the opinion that the jury could have reasonably inferred from the evidence in this case that appellee, although he knew the floor upon which he was working had been finished and was slick to some extent, was not fully cognizant of the risk of danger he would encounter in climbing up the

ladder under the conditions then known to him. Furthermore, the jury could have inferred that the knowledge of appellant's general superintendent was, or in the exercise of due care by him should have been, superior to that possessed by appellee with reference to the hazardous conditions under which the latter was working at the time of his injury. Hence, we cannot say as a matter of law that appellant was not negligent in any particular or that appellee was necessarily guilty of any act of contributory negligence. Dawes v. J. C. Penney Co., Tex.Civ.App., 236 S.W.2d 624, (er. ref. n. r. e.)

Accordingly, both of appellant's points of error must be and they are hereby overruled and the judgment of the court below is affirmed