Ida Lou FAWBUSH, Appellant,

v.

Calvin CARTER, d/b/a Southland Concrete Company et al., Appellees.

No. 7383.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 20, 1962.

Rehearing Denied March 13, 1962.

Harkness & Friedman, Texarkana, for appellant.

Norman C. Russell: Atchley, Russell & Hutchinson, John D. Raffaelli: Raffaelli & Keeney, Texarkana, for appellees.

CHADICK, Chief Justice.

This is a common law tort action. The trial judge instructed a verdict for the defendants and entered a take nothing judgment. The judgment is affirmed in part and reversed and remanded in part.

After dark on June 7, 1961 Mrs. Ida Lou Fawbush, the appellant, fell into an open water line ditch on Fielden Street in Texarkana, as she started across the street to her parked automobile. The day before a ditch approximately 4 feet wide and 5 feet deep had been opened the whole length of the street near to and parallel with the street's east curb line. In crossing, when Mrs. Fawbush reached the open ditch she stepped near its edge and the ditch wall caved in, causing her to fall into it, strike a metal pipe, and receive severe injuries. The Calvin Carter Construction Company, Inc., was engaged in the performance of a contract with the City of Texarkana, Texas, to pave Fielden Street at the time of Mrs. Fawbush's accident.

Should the evidence show as a matter of law that Mrs. Fawbush voluntarily encountered the danger of crossing the ditch the trial court's instruction to the jury and judgment are correct. On the other hand, the judgment is improper if reasonable minds might have drawn a different conclusion from the proof. When the evidence raises an issue of fact the issue should be submitted for jury determination. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059.

A plat in evidence shows that Fielden is a north-south street, its north end joining at a right angle with the east end of Carver, an east-west street. The Fawbush residence and lot is located on and adjacent to the east side of Fielden Street about 125 feet from the street's north end. The only entrance or outlet to or from the Fawbush property is on Fielden Street; the Fawbush lot is bounded on its other three sides by property of others. On the east side of Fielden Street between the Fawbush property and the end of Fielden at Carver Street are two lots. The one next to Mrs. Fawbush is occupied by a residence, the other is vacant. At the time of her mishap there was a hedge separating the Fawbush lot from this lot immediately next to hers on the north. The hedge ran east from the street curb line along the Fawbush north boundary to the Fawbush east boundary. On the night of the mishap a ditching machine and other vehicles were stored on the vacant lot next to Carver Street.

The first day of June the construction company ran a grading machine along the east curb line of Fielden Street and threw up dirt in such way that Mrs. Fawbush's driveway entrance was blocked. She arranged with friends occupying a house on the west side of the street at the corner of Fielden and Carver to permit her to park her automobile in their driveway while the street was torn up. This arrangement existed at the time pertinent here. Late in the afternoon of the day of her injury she and some young friends planned a night fishing trip. Several times she went to and from her house carrying fishing gear and other provisions to the car, crossing the

water line ditch each trip. When preparation at the car was complete she discovered her car keys had been left behind and returned to her house for them. The unfortunate accident occurred as she was on her way back to the car.

Mrs. Fawbush testified that she might have walked on the east side of Fielden Street to Carver, then back up Fielden to her car by climbing through the boundary hedge and by threading her way around and between the machinery and vehicles parked on the lot next to Carver Street. The testimony indicated no sidewalk or walkway existed along this route or elsewhere, that passage through the hedge would be difficult, and finding her way in darkness through or around the parked vehicles on unfamiliar ground would be troublesome, and too that such route was somewhat further than the more direct way she chose.

This record does not suggest that Mrs. Fawbush had any alternative to crossing the ditch or walking down the east side of Fielden, in reaching her car. The evidence raises an issue of fact as to whether or not Mrs. Fawbush voluntarily encountered the danger of crossing the open water line ditch at the time of her injury. Gulf, C. & S. F. Ry. Co. v. Gascamp, 69 Tex. 545, 7 S.W. 227; Robert E. McKee, General Contractor v. Patterson, 153 Tex. 517, 263 S.W.2d 326; 271 S.W.2d 391; and Sinclair Refining Company v. Winder, Tex.Civ.App., 340 S.W.2d 503, wr. ref., recognizes that the voluntary character of the injured party's conduct is a pertinent inquiry and supports the conclusion here expressed.

Grounds entirely independent of those just discussed require judgment of the trial court in favor of all appellees except Calvin Carter Construction Company, Inc., be affirmed. The appellant proved no cause of action against such parties. The judgment of the trial court is reversed and the case remanded for re-trial as to the appellee, Calvin Carter Construction Company, Inc., alone.